**Bruce L. Campbell,** OSB No. 925377
E-mail: Bruce.Campbell@MillerNash.com
**John Neupert**, OSB No. 78316
E-mail: John.Neupert@millernash.com
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR  97204-3699
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

**Martin J. Murray** (admitted *pro hac vice*)
E-mail: lawoffices@martinjmurray.com
**Leza M. Di Bella** (admitted *pro hac vice*)
E-mail: dibella@martinjmurray.com
Law Offices of Martin J. Murray
475 Park Avenue South, 25th Floor
New York, NY 10016
Telephone: (212) 725-2044
Facsimile: (212) 725-1145

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **HARRY AND DAVID**, an Oregon Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>**ICG AMERICA INC.**, a Delaware Corporation (d/b/a "Flying Noodle," "Amazing Clubs," and "Amazing Clubs.com"),<br><br>  Defendant. | CV. 08-3106-CL<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>By Defendant ICG America, Inc. |

Defendant ICG America, Inc. (hereinafter "Defendant" or "ICG"), by and through its undersigned counsel, for its Answer to the Complaint filed by Plaintiff Harry and David (hereinafter "Plaintiff" or "Harry and David"), states as follows:

1. ICG denies the allegations set forth in paragraph 1 of the Complaint.

2. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and therefore denies same.

## THE PARTIES

3. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and therefore denies same, and specifically denies trademark rights in the phrase at issue.

4. ICG admits the allegations set forth in paragraph 4 of the Complaint.

5. ICG admits the allegations set forth in paragraph 5 of the Complaint.

6. ICG denies the allegations set forth in paragraph 6 of the Complaint, except admits that ICG, doing business as Amazing Clubs, has a place of business at 700 Canal Street, 5th Floor, Stamford, Connecticut 06902-5921.

7. ICG admits the allegations set forth in paragraph 7 of the Complaint.

8. ICG admits the allegations set forth in paragraph 8 of the Complaint.

9. ICG admits the allegations set forth in paragraph 9 of the Complaint.

10. ICG denies the allegations set forth in paragraph 10 of the Complaint.

11. ICG admits that this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §1121 and further admits this case purports to be brought under the referenced statutes and common law, but denies any claim

of wrongdoing or actionable conduct asserted by Harry and David under the referenced statutes or common law.

12. ICG admits that Harry and David has claimed diversity under the referenced statute in bringing this action, but denies any claim of wrongdoing giving rise to Harry and David's claim of the asserted amount in controversy.

13. ICG denies the allegations set forth in paragraph 13 of the Complaint, except admits that ICG, doing business as Amazing Clubs and Flying Noodle, sells merchandise and gift clubs to consumers via the Internet through the websites www.AmazingClubs.com and www.FlyingNoodle.com and mail order.

14. ICG denies the allegations set forth in paragraph 14 of the Complaint, except admits use of the generic phrases at issue to sell merchandise and gift clubs to consumers via the Internet through the websites www.AmazingClubs.com and www.FlyingNoodle.com and in advertisements for these sites.

15. ICG denies the allegations set forth in paragraph 15 of the Complaint.

16. ICG denies the allegations set forth in paragraph 16 of the Complaint.

17. ICG denies the allegations set forth in paragraph 17 of the Complaint.

18. ICG denies the allegations set forth in paragraph 18 of the Complaint.

**GENERAL ALLEGATIONS**

19. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and in particular what is meant by the term "elsewhere," except admits Harry and David's use of the generic phrases at issue in this forum.

20. ICG denies the allegations set forth in paragraph 20 of the Complaint, and further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and in particular what is meant by the term "elsewhere," except admits use of the generic phrases at issue to sell merchandise and gift clubs to consumers.

21. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and therefore denies same, and specifically denies any claim of wrongdoing or actionable conduct asserted by Harry and David.

22. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and therefore denies same, and specifically denies trademark rights in the phrase at issue.

23. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and therefore denies same, and specifically denies that Reg. Nos. 386,023, 905,212, and 1,159,530 are valid or enforceable.

24. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore denies same.

25. ICG admits that Exhibit 1 is a copy of what appears to be United States Trademark Registration No. 386,023.

26. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

27. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

28. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and therefore denies same.

29. ICG admits that Exhibit 2 is a copy of what appears to be United States Trademark Registration No. 905,212.

30. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

31. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

32. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and therefore denies same.

33. ICG admits that Exhibit 3 is a copy of what appears to be United States Trademark Registration No. 1,159,530.

34. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

35. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

36. ICG denies the allegations set forth in paragraph 36 of the Complaint.

37. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and therefore denies same and specifically denies Harry and David's asserted rights in the phrase at issue.

38. ICG admits the allegations set forth in paragraph 38 of the Complaint.

39. ICG admits the allegations set forth in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint consists of a statement or argument to which no admission or denial is required.

41. ICG denies the allegations set forth in paragraph 41 of the Complaint and further states that it is without sufficient knowledge of information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and in particular what is meant by the terms "interactive" and "elsewhere," except admits that ICG operates the websites www.AmazingClubs.com and www.FlyingNoodle.com to sell merchandise and gift clubs to consumers via the Internet.

42. ICG denies the allegations set forth in paragraph 42 of the Complaint, except admits use of the generic phrases at issue on the website www.AmazingClubs.com to sell merchandise and gift clubs to consumers.

43. ICG denies the allegations set forth in paragraph 43 of the Complaint and refers the Court to the website www.AmazingClubs.com for a full and complete statement of its contents, except admits use of the generic phrases at issue.

44. ICG denies the allegations set forth in paragraph 44 of the Complaint and refers the Court to the website www.AmazingClubs.com for a full and complete statement of its contents, except admits use of the generic phrases at issue.

45.     ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and in particular lacks sufficient knowledge or information to form a belief as to the authenticity, completeness or accuracy of Exhibit 4 and therefore denies same, except admits that Exhibit 4 is a copy of what Harry and David purports to be the source document for the www.AmazingClubs.com website page found at http://www.AmazingClubs.com/fruit.html.

46.     ICG admits the allegations set forth in paragraph 46 of the Complaint.

47.     ICG denies the allegations set forth in paragraph 47 of the Complaint and refers the Court to the website www.AmazingClubs.com for a full and complete statement of its contents, except admits use of the generic phrases at issue.

48.     ICG denies the allegations set forth in paragraph 48 of the Complaint, except admits use of the generic phrases at issue.

49.     ICG denies the allegations set forth in paragraph 49 of the Complaint, except admits use of the generic phrases at issue.

50.     ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and therefore denies same.

51.     ICG denies the allegations set forth in paragraph 51 of the Complaint, except admits use of the generic phrases at issue on the website www.FlyingNoodle.com to sell merchandise and gift clubs to consumers.

52.     ICG denies the allegations set forth in paragraph 52 of the Complaint and refers the Court to the website www.FlyingNoodle.com for a full and complete statement of its contents, except admits use of the generic phrases at issue.

53. ICG denies the allegations set forth in paragraph 53 of the Complaint, except admits use of the generic phrases at issue.

54. ICG denies the allegations set forth in paragraph 54 of the Complaint and refers the Court to the website www.FlyingNoodle.com for a full and complete statement of its contents, except admits use of the generic phrases at issue.

55. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and in particular lacks sufficient knowledge or information to form a belief as to the authenticity, completeness or accuracy of Exhibit 5 and therefore denies same, except admits that Exhibit 5 is a copy of what Harry and David purports to be the source document for the www.FlyingNoodle.com website page found at http://www.FlyingNoodle.com/clubs_fruit.html.

56. ICG denies the allegations set forth in paragraph 56 of the Complaint.

57. ICG denies the allegations set forth in paragraph 57 of the Complaint.

58. ICG denies the allegations set forth in paragraph 58 of the Complaint, except admits use of the generic phrases at issue.

59. ICG denies the allegations set forth in paragraph 59 of the Complaint, and further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, and in particular lacks sufficient knowledge or information to form a belief as to the search allegedly conducted, or the authenticity, completeness or accuracy of the image that appears in paragraph 59 of the Complaint and therefore denies same.

60. ICG denies the allegations set forth in paragraph 60 of the Complaint, except admits use of the generic phrases at issue on both its www.AmazingClubs.com website and in advertisements purchased from Google.

61. ICG admits the allegations set forth in paragraph 61 of the Complaint.

62. ICG admits the use of the referenced link on Google using the generic phrases and at issue.

63. ICG admits the allegations set forth in paragraph 63 of the Complaint.

64. ICG denies the allegations set forth in paragraph 64 of the Complaint.

65. ICG denies the allegations set forth in paragraph 65 of the Complaint.

66. ICG denies the allegations set forth in paragraph 66 of the Complaint, except admits continued use of the generic phrases at issue.

67. ICG denies the allegations set forth in paragraph 67 of the Complaint.

68. ICG denies the allegations set forth in paragraph 68 of the Complaint.

69. ICG denies the allegations set forth in paragraph 69 of the Complaint.

## **COUNT I**

70. ICG repeats and realleges its responses to the allegations set forth in paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. ICG admits that Harry and David purports to have brought this action pursuant to the identified Statute, but denies any wrongdoing or actionable conduct under the statute at issue.

72. ICG denies the allegations set forth in paragraph 72 of the Complaint.

73. ICG denies the allegations set forth in paragraph 73 of the Complaint.

74. ICG denies the allegations set forth in paragraph 74 of the Complaint.

75. ICG denies the allegations set forth in paragraph 75 of the Complaint.

76. ICG denies the allegations set forth in paragraph 76 of the Complaint.

## COUNT II

77. ICG repeats and realleges its responses to the allegations set forth in paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. ICG admits that Harry and David purports to have brought this action pursuant to the identified statute, but denies any wrongdoing or actionable conduct under the Statute at issue.

79. ICG denies the allegations set forth in paragraph 79 of the Complaint.

80. ICG denies the allegations set forth in paragraph 80 of the Complaint.

81. ICG denies the allegations set forth in paragraph 81 of the Complaint.

82. ICG denies the allegations set forth in paragraph 82 of the Complaint.

83. ICG denies the allegations set forth in paragraph 83 of the Complaint.

84. ICG denies the allegations set forth in paragraph 84 of the Complaint.

## COUNT III

85. ICG repeats and realleges its responses to the allegations set forth in paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint and therefore denies same.

87. ICG admits that a copy of what appears to be the State of Oregon Trade and Service mark Renewal for Trademark Registration T9612 is attached as Exhibit 6, however, ICG is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 87 of the Complaint and therefore denies same.

88. ICG is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint and therefore denies same.

89. ICG admits that a copy of what appears to be the State of Oregon Trademark Registration S-39978 is attached as Exhibit 7.

90. ICG admits that a copy of what appears to be the State of Oregon Trademark Registration S-40012 is attached as Exhibit 8.

91. ICG denies the allegations set forth in paragraph 91 of the Complaint.

92. ICG denies the allegations set forth in paragraph 92 of the Complaint.

93. ICG denies the allegations set forth in paragraph 93 of the Complaint.

94. ICG denies the allegations set forth in paragraph 94 of the Complaint.

## PRAYER FOR RELIEF

95. ICG denies that Harry and David is entitled to any relief in connection with the allegations set forth in Harry and David's Complaint, including, without limitation, the allegations set forth in paragraphs 1 through 8 of Harry and David's prayer for relief.

96. All allegations not specifically admitted to by ICG are hereby denied. ICG denies that Harry and David is entitled to judgment in its favor or to the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing answers to the allegations of the Complaint, ICG asserts the following affirmative defenses:

97. Harry and David does not hold trademark rights in the generic phrases "fruit of the month" or "fruit of the month club." Harry and David's registrations show stylized and design form uses that are not shown in ICG's uses of the generic phrases at issue. Harry and David does not have any actionable claims against ICG.

98. Harry and David's registrations at issue and claimed rights at issue show generic phrases and Harry and David has no rights in said generic phrases.

99. Harry and David's claims are barred, in whole or in part, because to the extent that ICG uses any variations of the phrases at issue, it does not do so in a trademark sense; such use constitutes fair use permitted under the law.

100. Harry and David's alleged Federal Registration No. 386,023 is invalid for genericness.

101. Harry and David's alleged Federal Registration No. 905,212 is invalid for genericness.

102. Harry and David's alleged Federal Registration No. 1,159,530 is invalid for genericness.

103. Harry and David's alleged State of Oregon Trademark Registration No. T9612 is invalid for genericness.

104. Harry and David's alleged State of Oregon Trademark Registration No. S-39978 is invalid for genericness.

105. Harry and David's alleged State of Oregon Trademark Registration No. S-40012 is invalid for genericness.

106. Harry and David, on information and belief, is guilty of laches, acquiescence and estoppel in attempting to assert rights in the phrases at issue after, on information and belief, being aware of multiple third party uses.

107. Harry and David, on information and belief, is guilty of unclean hands in attempting to claim and assert exclusive rights in the terms "fruit of the month" and "fruit of the month club" by instituting and maintaining this action against Defendant despite knowledge of

widespread third-party use in the industry of those terms as product descriptors, and on that basis is not entitled to equitable or monetary relief.

108.   Harry and David, on information and belief, is guilty of unclean hands in attempting to claim and assert exclusive rights in the terms "fruit of the month" and "fruit of the month club" through the trademark registration process before the United States Patent and Trademark Office despite knowledge of widespread third-party use in the industry of those terms as product descriptors, and on that basis is not entitled to equitable or monetary relief.

109.   Harry and David's claims are barred, in whole or in part, because ICG has not infringed any valid and enforceable trademark right, if any, owned by Harry and David.

110.   Harry and David's claims are barred in whole or in part because no actual consumer confusion or deception has occurred as a result of ICG's used of the phrases at issue.

111.   Harry and David's claims are barred in whole or in part as Harry and David has not acquired secondary meaning with respect to the marks at issue.

112.   Any and all acts alleged to have been committed by ICG, if performed, were performed with lack of knowledge and lack of willful intent.

113.   The complaint, or some portion of it, fails to state a claim for which relief may be granted.

114.   ICG is not subject to the personal jurisdiction of this Court.

115.   Harry and David cannot establish that it has or will suffer any damages from any use by ICG of any mark.

116.   Harry and David's claims are barred, in whole or in part, because Harry and David failed to take reasonable steps to mitigate damages, if any.

117.   Harry and David's claims are barred, in whole or in part, to the extent that Harry and David is seeking double recovery for the same alleged wrongs.

118.   Harry and David is not entitled to attorneys' fees or treble damages pursuant to 15 U.S.C. §1117 and any other applicable laws because ICG's use of the phrases at issue was in good faith.

119.   ICG reserves the right to amend this Answer to raise and rely upon any defenses that become available or apparent during discovery.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff ICG alleges for its counterclaims against Plaintiff and Counterclaim Defendant Harry and David as follows:

## NATURE OF THE ACTION

120.   This is an action seeking cancellation of U.S. Trademark Registration Nos. 386,023, 905,212, and 1,159,530 and Oregon Trademark Registration Nos. T9612, S-39978, and S-40012.  ICG is and will continue to be damaged by the foregoing registrations and hereby petitions to cancel the same.

## PARTIES

121.   Counterclaim Plaintiff ICG is a Delaware corporation with a principal place of business at 2219 Westlake Drive, 2nd Floor, Austin, TX 78746.

122.   ICG, doing business as Amazing Clubs, sells wine, beer, coffee, flower arrangements, chocolate, neckties, barbeque sauce and a variety of other -of-the-month clubs by phone and Internet.  It offers merchandise and gift clubs to consumers via the Internet and mail order, as well as provides membership software platforms for corporate users.

123. On information and belief, Counterclaim Defendant Harry and David is an Oregon corporation with its principal place of business at 2500 S. Pacific Highway, Medford, Oregon 97501.

## JURISDICTION AND VENUE

124. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §2201 in regard to an actual controversy between ICG and Harry and David and for cancellation of federal trademark registrations pursuant to 15 U.S.C. §1119, and for supplemental jurisdiction to cancel Oregon State Trademark Registrations pursuant to Oregon State law, Oregon Revised Statutes 647.075.

125. Subject matter jurisdiction over the Counterclaims arises under 28 U.S.C. §1367 in that the Counterclaims form part of the same case and controversy as Harry and David's claims under the Complaint, and under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §§1119 and 1112(a) and supplemental jurisdiction under 28 U.S.C. §1367 in that the Counterclaims for cancellation of Oregon State Trademark Registrations are part of the same case and controversy as Harry and David's claims under the Complaint.

126. Venue is proper in this Judicial District under 28 U.S.C. §1391(b) and (c), in that Harry and David transacts business affairs within this District, and filed its Complaint in this Court.

## FIRST COUNTERCLAIM

DECLARATORY JUDGMENT AND CANCELLATION
OF FEDERAL REG. NOS. 386,023, 905,212, AND 1,159,530

As its first Counterclaim for declaratory judgment and cancellation of Federal Registration Nos. 386,023, 905,212, and 1,159,530 against Harry and David, ICG hereby alleges as follows:

127. ICG repeats and realleges the allegations set forth in paragraphs 120 through 126 of this Counterclaim as if fully set forth herein.

128. ICG provides services that include offering customers with club services that offer monthly selections for its members of products as described by their respective generic names. For instance, ICG has offered: a wine of the month club, a beer of the month club, a coffee of the month club, a flower arrangement of the month club, a chocolate of the month club a necktie of the month club, a bar-b-que sauce of the month club; as well as a fruit of the month club, and other identified specific products of the month clubs.

129. ICG has been marketing and selling its monthly described product selections through its websites www.AmazingClubs.com and www.FlyingNoodle.com and through mail order catalogs throughout the United States since 2004.

130. The phrases "of the month" and/or "of the month club" are commonly used generic phrases for products and services that are monthly selections offered to prospective customers, such as "[goods] of the month club." Examples are "wine of the month club," "beer of the month club," "coffee of the month club," "fruit of the month club," etc.

131. The term club is a commonly used descriptive, generic term for a service that provides one or more products and/or services to prospective customers on a regular basis, and these have been in operation across the United States for years.

132. Harry and David should not be held to own trademark rights in the generic phrases "fruit of the month" and "fruit-of-the-month club."

133. To the extent that Harry and David's purported stylized or design forms registrations show the alleged marks in stylized or design forms not even being used by Harry and David, said registrations should be cancelled.

134. Harry and David is, on information and belief, aware of third party users of the phrases at issue.

135. Harry and David is aware of and participated in a decision on the merits in an arbitration proceeding that held genericness in the phrases and registrations asserted herein by Harry and David, ICANN National Arbitration Forum Case No. FA 952243.

136. Federal Registration No. 386,023 should be cancelled pursuant to 15 U.S.C. §1064(3), as "Fruit-of-the-Month Club" is generic.

137. Federal Registration No. 905,212 should be cancelled pursuant to 15 U.S.C. §1064(3), as "FRUIT-OF-THE-MONTH CLUB" is generic.

138. Federal Registration No. 1,159,530 should be cancelled pursuant to 15 U.S.C. §1064(3), as "FRUIT-OF-THE-MONTH CLUB" is generic.

139. The existence of each of Federal Registration Nos. 386,023, 905,212, and 1,159,530 is damaging to ICG. Harry and David has charged ICG with trademark infringement, claiming exclusive rights in the terms "FRUIT-OF-THE-MONTH CLUB" and "FRUIT OF THE MONTH" based on ownership of Federal Registration Nos. 386,023, 905,212, and 1,159,530 and demanding that ICG cease and desist from any further direct or indirect use of one or more of the phrases "FRUIT OF THE MONTH CLUB" and "FRUIT OF THE MONTH" or any similar phrases "in any one or more of preparing, producing, manufacturing, ordering, printing, publishing, rendering, selling, offering for sale, advertising, distributing, or otherwise promoting any goods or services, whether in catalogs or other printed publication, in web pages, in source coding for web pages, in titles or metatags for web pages, in the title or text of Internet advertising, as keywords for Internet advertising, as keyword triggers for Internet search engines,

or otherwise", all to the detriment of Counterclaim Plaintiff ICG, other companies and the public at large.

## SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT AND CANCELLATION OF OREGON TRADEMARK REG. NOS. T9612, S-39978, AND S-40012

140.   ICG repeats and realleges the allegations set forth in paragraphs 120 through 139 of this Counterclaim as if fully set forth herein.

141.   Harry and David's alleged State of Oregon Trademark Registration No. T9612 should also be cancelled pursuant to Oregon Revised Statute 647.075, as generic.

142.   Harry and David's alleged State of Oregon Trademark Registration No. S-39978 should also be cancelled pursuant to Oregon Revised Statute 647.075, as generic.

143.   Harry and David's alleged State of Oregon Trademark Registration No. S-40012 should also be cancelled pursuant to Oregon Revised Statute 647.075, as generic.

144.   The existence of each of Oregon Trademark Reg. Nos. T9612, S-39978, and S-40012 is damaging to ICG.  Harry and David has charged ICG with trademark infringement, claiming exclusive rights in the terms "FRUIT-OF-THE-MONTH CLUB" and "FRUIT OF THE MONTH" based on ownership of Oregon Trademark Reg. Nos. T9612, S-39978, and S-40012 and demanding that ICG cease and desist from any further direct or indirect use of one or more of the phrases "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" or any similar phrases "in any one or more of preparing, producing, manufacturing, ordering, printing, publishing, rendering, selling, offering for sale, advertising, distributing, or otherwise promoting any goods or services, whether in catalogs or other printed publication, in web pages, in source coding for web pages, in titles or metatags for web pages, in the title or text of Internet advertising, as keywords for Internet advertising, as keyword triggers for Internet search engines,

or otherwise", all to the detriment of Counterclaim Plaintiff ICG, other companies and the public at large.

WHEREFORE, Defendant and Counterclaim Plaintiff ICG prays for relief as follows:

a. That this Court dismiss the Complaint with prejudice and deny any claim for relief prayed for therein;

b. That this Court enter judgment for Defendant and Counterclaim Plaintiff ICG on all claims in Plaintiff and Counterclaim Defendant Harry and David's Complaint;

c. That this Court grant and enter a judgment that "fruit of the month" and "fruit of the month club" are generic terms and that Federal Registration Nos. 386,023, 905,212, and 1,159,530 be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

d. That this Court grant and enter a judgment that Oregon State Trademark Reg. Nos. T9612, S-39978, and S-40012 be cancelled and that the Oregon Secretary of State be provided with a certified Order of same;

e. That Harry and David and its agents, officers, attorneys, representatives, and those acting in concert and/or privity with them be preliminarily and permanently enjoined by this Court from suing, threatening to sue, or making any charges that ICG, or ICG's customers, have committed any acts of trademark infringement or unfair competition respecting the terms "fruit of the month" and "fruit of the month club."

f. That this Court assess the costs of this action, and attorneys' fees against Harry and David, under the provisions of the Trademark Act based upon findings that this case is exceptional, pursuant to 15 U.S.C. § 1117;

     g.     And that ICG be awarded all such other and further relief as the Court deems just and proper.

DATED:     December 8, 2008

                                   Respectfully submitted,

                                   /s/ Bruce L. Campbell
                                   Bruce L. Campbell, OSB No. 925377
                                   E-mail: Bruce.Campbell@MillerNash.com
                                   John Neupert, OSB No. 78316
                                   E-mail: john.neupertl@millernash.com

                                   Miller Nash LLP
                                   3400 U.S. Bancorp Tower,
                                   111 S.W. Fifth Avenue
                                   Portland, OR  97204-3699
                                   Telephone: (503) 224-5858
                                   Facsimile: (503) 224-0155

                                   Martin J. Murray (admitted *pro hac vice*)
                                   E-mail: lawoffices@martinjmurray.com
                                   Leza M. Di Bella (admitted *pro hac vice*)
                                   E-mail: dibella@martinjmurray.com

                                   Law Offices of Martin J. Murray
                                   475 Park Avenue South, 25th Floor
                                   New York, NY 10016
                                   Telephone: (212) 725-2044
                                   Facsimile: (212) 725-1145

                                   Attorneys for Defendant and
                                   Counterclaim Plaintiff