FILED 10 SEP 7 1452USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| HARRY AND DAVID, an Oregon corporation,<br><br>      Plaintiff,<br>  v.<br><br>ICG AMERICA, INC., a Delaware corporation (d/b/a "Flying Noodle," "Amazing Clubs," and "Amazingclubs.com"),<br><br>      Defendant. | Case Number CV 08-3106-CL<br><br>**ORDER** |

CLARKE, Magistrate Judge:

This court heard argument on August 31, 2010, on "ICG America and Hickory Farms' Joint Motion for Consolidation" (#47) of this case with <u>Harry and David v. Hickory Farms, Inc.</u>, CV 09-3011-CL.  The motions are opposed by plaintiff Harry and David.  Having considered the parties' briefing and arguments made at the hearing, and for the reasons explained, defendants' motion to consolidate for all purposes is denied, without prejudice to re-filing; the parties are ordered to coordinate discovery in the two cases; and are ordered to submit to the court by letter potential issues which may be jointly briefed in dispositive motions.

**Background**

The complaint in <u>Harry and David v. ICG America, Inc.</u>, CV 08-3106-CL ("ICGA case")

Order on Joint Motion to Consolidate - 1

was filed on October 15, 2008, and <u>Harry and David v. Hickory Farms</u>, CV 09-3011-CL ("Hickory Farms case") was commenced on February 9, 2009. Plaintiff Harry and David alleges claims in each case for federal and state trademark infringement, federal unfair competition, federal and state trademark dilution; plaintiff alleges an additional claim for state unfair competition against defendant ICGA. Plaintiff alleges in each case that defendant purchased one or more of plaintiff's trademarks–"FRUIT-OF-THE-MONTH CLUB," "HARRY AND DAVID," "HARRY & DAVID" ("HARRY AND DAVID marks")–as keyword triggers from internet search engines providers to direct potential customers to defendant's competing retail website. Plaintiff seeks in each case injunctive relief, treble damages, and costs and attorneys' fees.

## Standards

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." District of Oregon Local Rule 42-1 provides that, "Unless otherwise directed by the Court, consolidation and case management of complex or related cases are governed by the principles set forth in *The Manual for Complex Litigation* (4th ed. 2004) ("Manual")." As to related federal civil cases in the same court, the Manual states that, "If the cases appear to involve common questions of law or fact, and consolidation may tend to reduce cost and delay, the cases may be consolidated" under Rule 42, although "Cases should not be consolidated if it would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases." Manual § 20.11. "Whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases. Unless common

Order on Joint Motion to Consolidate - 2

evidence predominates, consolidated trials may confuse the jury rather than promote efficiency." Manual § 11.631. The court has broad discretion to consolidate cases within the same district. Investors Research Co. v. U.S. Dist. Court, 877 F.2d 777 (9th Cir. 1989).

## Discussion

Defendants contend that the ICGA case and Hickory Farms case are parallel actions involving alleged infringement of the same HARRY AND DAVID marks and seeking relief based on the same theories of liability for the same conduct–bidding on a trademarked term as an internet keyword on a search engine. Defendants further contend that they allege almost identical affirmative defenses and counterclaim, including the same legal issue of whether plaintiff's FRUIT OF THE MONTH CLUB marks should be canceled due to genericness. They also assert that extensive fact and expert discovery, including potential witnesses, overlap. Defendants move for consolidation of the actions for all further proceedings, including trial. Plaintiff opposes consolidation of the ICGA case and Hickory Farms case, contending that each case is deeply tied to specific facts regarding defendant's separate acts of alleged infringement and the surrounding context of defendant's business. It also contends that the cases stand in different procedural postures. Plaintiff asserts that efficiency may be achieved in discovery without consolidation of the cases for all purposes.

The court is persuaded by plaintiff's arguments. Although there are some facts and legal issues common to both cases, such as the HARRY AND DAVID marks at issue and the common counterclaims by defendants that the phrases "of the month" and/or "of the month club" are commonly used generic phrases such that plaintiff's marks should be canceled, defendants have not shown that common facts predominate over facts which are separate and unique to each case.

Order on Joint Motion to Consolidate - 3

These unique facts include: the alleged infringing conduct by each defendant, including each defendant's intent; the nature of each defendant's company or companies,[1] including defendant's products, distribution system and marketing channels, and customers; defendant's sales and profits; and any potential damages suffered by plaintiff and other relief.  In making its prima facie case of alleged infringement by defendant, plaintiff will have the burden of proving that defendant's use of its marks creates a likelihood of confusion.  See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047, 1053 (9th Cir. 1999); Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007).  In the Ninth Circuit, courts consider the following relevant, but non-exclusive factors set out in the Sleekcraft test[2] with respect to the likelihood of confusion element:  1. strength of the mark; 2. proximity of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. type of goods and the degree of care likely to be exercised by the purchaser; 7. defendant's intent in selecting the mark; and 8. likelihood of expansion of the product lines. "[T]he relative importance of each individual factor will be case-specific." Brookfield, 174 F.3d at 1054.  It is clear that evidence as to these factors will be unique to each defendant in each case.

On this record, the court finds that there is not commonality of fact or law to be of sufficient savings and efficiency to warrant consolidating the ICGA and Hickory Farms cases. The risk of increased complexity at trial and jury confusion, and the prejudice to plaintiff in litigating the cases together outweigh any economies and convenience which might be gained in

---

[1] Defendant ICGA also does business as "Flying Noodle," "Amazing Clubs," and "Amazingclubs.com." (ICGA case Compl. ¶ 5, Answer ¶ 5.)

[2] AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979), abrogated on another ground by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003).

Order on Joint Motion to Consolidate - 4

discovery or in briefing dispositive motions. Accordingly, defendants' motion to consolidate for all purposes is denied. This denial is without prejudice to defendants re-filing their motion for consolidation for trial purposes following resolution of any dispositive motions, see infra.

The court finds, however, that some efficiencies can be gained by pursuing some discovery jointly. The parties have, for example, indicated that it might be efficient to depose Harry and David's witnesses jointly in one proceeding. The same may be true as to discovery related to plaintiff's HARRY AND DAVID marks. There may be expert depositions that could be jointly held in the cases. There will, on the other hand, be discovery that is better pursued separately for each case. Therefore, the parties shall coordinate in good faith to determine discovery which may be efficiently and economically pursued jointly. The court does not believe that a formal order consolidating discovery for all purposes is appropriate.

In addition, by January 10, 2011, plaintiff shall submit a letter to the court setting out what issue or issues potentially could be briefed jointly in dispositive motions. On or before January 17, 2011, defendants shall submit letters to the court with the same information.

IT IS SO ORDERED.

DATED this ___7___ day of September, 2010.

_____
MARK D. CLARKE
United States Magistrate Judge

Order on Joint Motion to Consolidate - 5