FILED 10 DEC 22 10:18 USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

HARRY AND DAVID, an Oregon corporation,

    Plaintiff,

v.

ICG AMERICA INC., a Delaware corporation (d/b/a "Flying Noodle," "Amazing Clubs," and "AmazingClubs.com"),

    Defendant.

Civil No. 08-3106-CL

ORDER AND PERMANENT INJUNCTION

PANNER, District Judge.

    Harry and David ("plaintiff") and ICG America Inc. ("defendant") have jointly filed a "Stipulated Motion for Partial Judgment on Harry and David's Counterclaims for Trademark Infringement" (#69), seeking entry of final judgment pursuant to Federal Rules of Civil Procedure 68 and 54(b), with respect to plaintiff's counterclaims for trademark infringement of its HARRY AND DAVID® and HARRY & DAVID® trademarks (the "Resolved Claims"). The

PAGE 1 - ORDER AND PERMANENT INJUNCTION

parties hereby STIPULATE and AGREE to the entry of the following final Stipulated Final Partial Judgment and Order for Permanent Injunction.

Rule 68 provides in pertinent part:

> **(a) Making an Offer; Judgment on an Accepted offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Rule 68 is meant to encourage settlement of litigation. *See* <u>Delta Air Lines v. August</u>, 450 U.S. 346, 352 (1981). Rule 68 judgments are "actively supported" by courts. <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097, 1103 (9th Cir. 2006).

On November 19, 2010, defendant made an offer of judgment "pursuant to Rule 68 of the Federal Rules of Civil Procedure" offering to allow judgment to be taken against it by plaintiff on plaintiff's counterclaims for infringement of plaintiff's "'Harry and David' Trademark and Name" in the amount of $10,001.00, plus costs accrued and reasonable attorney fees, and for permanent injunctive relief. Defendant's offer provided it would lapse if not accepted within ten days. However, on December 6, 2010, pursuant to an adjournment request that was granted, plaintiff accepted defendant's offer of judgment. The parties have attached defendant's Offer of Judgment and plaintiff's Notice Accepting Offer of Partial Judgment as Exhibit 1 and Exhibit 2, respectively, to their "Stipulated Motion for Partial Judgment on Harry and David's Counterclaims for Trademark Infringement" (#69).

Because defendant's Offer of Judgment resolves less than all claims at issue in this case, the parties move for entry of final judgment as to the Resolved Claims under Rule 54(b). Rule

PAGE 2 - ORDER AND PERMANENT INJUNCTION

54 provides in pertinent part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

See Zucker v. Maxicare Health Plans Inc., 14 F.3d 477, 483 (9th Cir. 1993). In the Ninth Circuit, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir. 1991) (*quoting* Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987)).

The parties have reached an agreement that finally resolves the dispute between them as to the Resolved Claims, therefore, the court finds there is no just reason to delay entry of final judgment as to these claims while plaintiff's claims regarding it's FRUIT-OF-THE-MONTH CLUB® trademarks and defendant's counterclaims regarding the validity of those trademarks remain pending.

## ORDER

Based on the foregoing, the parties' Stipulated Motion for Partial Judgment on Harry and David's Counterclaims for Trademark Infringement (#69) is GRANTED, and IT IS HEREBY ORDERED, ADJUDGED and DECREED, that:

   1.   Plaintiff is awarded $10,001.00 in damages, plus costs accrued and reasonable

attorney fees.

2. Defendant, and each agent, servant, employee, attorney, or other person acting in active concert or participation with defendant who receives actual notice or knowledge of this injunction by personal service or otherwise, is permanently barred:

    a. From directly or indirectly using one or more of the phrases "HARRY AND DAVID" or "HARRY & DAVID" in any one or more of preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting any goods or services, whether in catalogs or other printed publication, in web pages, in source coding for web pages, in titles or metatags for web pages, in the title or test of Internet advertising, as keywords for Internet advertising, as keyword triggers for Internet search engines, or otherwise;

    b. from directly or indirectly using any term confusingly similar to any one or more of plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks in any one or more of preparing, producing, manufacturing, ordering, printing, publishing, rendering, selling, offering for sale, advertising, distributing, or otherwise promoting any goods or services, whether in catalogs or other printed publication, in web pages, in source coding for web pages, in titles or metatags for web pages, in the title or text of Internet advertising, as keyword triggers for Internet search engines, or otherwise;

    c. From otherwise continuing to infringe upon plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks;

    d. From further using in connection with any goods or services, any false or deceptive designations or description, whether by words or other symbols or representations, which suggest or imply any relationship with plaintiff and/or plaintiff's goods and services;

    e. from further infringing plaintiff's tradename rights in plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks;

    f. From further unlawfully trading upon and appropriating the

        goodwill and the business reputation of plaintiff and/or plaintiff's products and services through the unlawful use of plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks;

    g.    From further engaging in any acts of unfair competition against plaintiff and/or plaintiff's products through the unlawful use of plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks;

    h.    from any use that dilutes the distinctive quality of plaintiff's HARRY AND DAVID® or HARRY & DAVID® Marks; and

    i.    From in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts.

3.    Defendant shall file with the court and serve on plaintiff in accordance with 15 U.S.C. 1116, within 30 days, a sworn written report setting forth in detail the manner and form in which it has complied with this injunction.

IT IS SO ORDERED.

DATED this ___21___ day of December, 2010

_____
OWEN M. PANNER
United States District Judge

PAGE 5 - ORDER AND PERMANENT INJUNCTION